JOHN QUINN, Respondent, v. BRENNUS KENYON, Appellant.

No. 4180; May 6, 1864.

**Appeal—Motion for New Trial—Insufficiency of Statement.**— If the notice of a motion for a new trial designates as its ground the insufficiency of the evidence to justify the verdict, and the statement fails to specify the particulars in which such evidence lacks sufficiency, the statement is to be disregarded.

APPEAL from Fifth Judicial District, San Joaquin County.

J. B. Hall and J. A. Booker for respondent; Budd, Carr & Byers for appellant.

SHAFTER, J.—This is an action for an alleged forcible entry and detainer. The trial was by jury who returned a verdict for the plaintiff. The defendant moved for a new trial, which motion was denied by the court, and the appeal is taken from that order and also from the judgment.

There is no statement on appeal from the judgment. The judgment is supported by the verdict, and there are no defects in the complaint.

The notice of motion for a new trial states that a new trial will be asked for, on the ground of "errors in law occurring at the trial," and on the further ground of the "insufficiency of the evidence to justify the verdict and that the verdict is against law."

The act of 1863, amendatory of the Civil Practice Act, provides that the notice of motion for a new trial "shall designate generally the grounds upon which the motion will be made," and we consider that the notice given by the appellant complies substantially with this requirement. But the act of 1863 further provides, that "when the notice designates as the ground upon which the motion will be made, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded." In this case there is a statement in support of the motion for new trial in which all the evidence produced at the trial, both oral and documentary, is set forth; but the foregoing requirements of the act of 1863 have not been complied with in any particular. The act dictates the consequences: "the statement shall be disregarded."

Judgment affirmed.

We concur: Sawyer, J.; Sanderson, C. J.; Currey, J.; Rhodes, J.